THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

Timothy R. Hyland, Esq. (SBN 010298)
thyland@cavanaghlaw.com
Jordan R. Plitt, Esq. (SBN 028028))
jplitt@cavanaghlaw.com
Parker C. Bunch, Esq. (SBN 034126)
pbunch@cavanaghlaw.com
Tel: (602) 322-4082
Fax: (602) 322-4101

Attorneys for Defendant United National Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christie's Cabaret of Glendale, LLC, an Arizona Limited Liability Company; and Entertainment USA, Inc. dba Christie's Cabaret, a Delaware Corporation, | No. |
| | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| v. | |
| United National Insurance Company, a California Corporation, | |
| Defendant. | |

Defendant United National Insurance Company ("United National"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notices the removal of the above-captioned case from the Superior Court of the State of Arizona in and for the County of Maricopa ("Superior Court"), to the United States District Court for the District of Arizona and in support thereof respectfully asserts:

1. Defendant United National is a corporation domiciled in the State of Pennsylvania with its principal place of business in Montgomery County, Pennsylvania. As such, United National is a citizen of the State of Pennsylvania.

2. Plaintiff Christie's Cabaret of Glendale, LLC ("Christie's") is an Arizona Limited Liability Company whose sole member is a resident, citizen, and domiciliary of the state of Tennessee. As such, Christie's is a citizen of the state of Tennessee.

3. Upon information and belief, Plaintiff Entertainment USA, Inc. dba Christie's Cabaret ("EUSA") is a corporation domiciled in Tennessee with its principal place of business in Tennessee. As such, EUSA is a citizen of the state of Tennessee.[1]

4. There is complete diversity of citizenship between the parties and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

5. Plaintiffs filed a lawsuit against United National in the Superior Court of Arizona, in and for the County of Maricopa on or about February 14, 2019. The Complaint is styled *Christie's Cabaret of Glendale, LLC et al. v. United National Insurance Company, et al.*, Case No. CV2019-002549.

6. A true and correct copy of the Summons, Complaint, and Certificate of Compulsory Arbitration are attached as **Exhibits A through C, respectively.**

---

[1] United National notes that the Complaint alleges EUSA is a Delaware LLC. However, it appears there is an "Entertainment USA, Inc." that is a corporation domiciled in Delaware. United National believes this to be inaccurate and not the appropriate entity. Regardless of which applies, diversity of citizenship still exists.

2

7.      The Arizona Department of Insurance, on behalf of United National, was served with copies of the Summons, Complaint, and Certificate of Compulsory Arbitration on May 10, 2019.  See Affidavit of Service on United National, **Exhibit D**.

8.      Additional documents filed with the Superior Court include the Civil Cover Sheet, attached as **Exhibit E**.  The Court's Notice of Intent to Dismiss for Lack of Service dated April 20, 2019, attached as **Exhibit F**.  The most recent copy of the docket from the Superior Court action is attached as **Exhibit G** and the Court's

9.      The Complaint alleges three causes of action against United National: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) bad faith.

10.     Plaintiffs' Complaint alleges, among other things, that Plaintiff purchased an insurance policy from United National, policy no. MP0976498 (the "Policy").

11.     Plaintiffs' Complaint alleges the Policy provided $420,000.00 limits for covered building damage and $350,000.00 for covered property damage.

12.     Plaintiffs' Complaint alleges that on October 18, 2015 and December 4, 2015, during the effective term of the Policy, Plaintiffs suffered losses caused by burglary and vandalism to the building and property covered by the Policy in the amount of $215,722.76.

13.     Plaintiffs' Complaint alleges they reported the losses to United National and that United National failed to pay any monies arising from Plaintiffs' claims as required by the Policy.

14.     Plaintiffs' Complaint alleges that in order to reopen their business, Plaintiffs have incurred costs of $215,722.00 "plus an additional $150,000 to $175,000 to complete its remodel for a total of $365,727.00 - $365,777.00."

15.     The amount in controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000).

3

16. In addition to the foregoing, consequential damages resulting from purported breach of the covenant of good faith and fair dealing may be considered when calculating the amount in controversy. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Here, Plaintiff's claims for consequential damages raises the amount in controversy even further above Seventy-Five Thousand Dollars ($75,000).

17. Plaintiff's counsel has indicated that the State Action meets the criteria for Tier 3 pursuant to Arizona Rules of Civil Procedure 26.2(c)(3)(B). See Civil Cover Sheet at p. 1, attached as **Exhibit E**. Under Rule 26.2, Tier 3 cases are "[a]ctions claiming $300,000 or more in damages." *See* Ariz. R. Civ. P., Rule 26.2(c)(3). For purposes of determining the correct tier, the damages that may be considered includes "all monetary damages . . ., but excludes claims for punitive damages, interest, attorneys' fees in the case to be tiered, and costs." ." *See* Ariz. R. Civ. P., Rule 26.2(e). Plaintiffs' Tier 3 certification means that they believe their monetary damages in this case, before applying their claim for attorneys' fees, are in excess of $300,000.

18. This Notice of Removal is filed within the 30-day time limitation prescribed by 28 U.S.C. § 1446(b). Had Plaintiff timely filed this lawsuit in federal court, this Court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is proper under 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this Notice of Removal to Plaintiff promptly after this Notice of Removal is filed with the Court. In accordance with Rule 3.6 of the Local Rules of Practice for the United States District Court for the District of Arizona, Defendant states that a copy of this Notice of Removal has

been filed with the Clerk of the Maricopa County Superior Court. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit H.**

20. This Notice is signed pursuant to FED. R. CIV. P. 11, as required by LRCiv 3.6.

21. The time in which United National has to answer or move with respect to the Complaint has not expired.

WHEREFORE, United National requests that the above referenced action now pending in Maricopa County Superior Court be removed to this Court.

DATED this 10th day of June, 2019.

**THE CAVANAGH LAW FIRM, P.A.**

By: ___s/Jordan R. Plitt___
Timothy R. Hyland
Jordan R. Plitt
Parker C. Bunch
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004
Attorneys for Defendant United National

**CERTIFICATE OF SERVICE**

I hereby certify that on 10th day of June, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

William M. Fischbach, Esq.
Marcos A. Tapia, Esq.
Seventh Floor Camelback Esplanade II
2525 E. Camelback Rd.
Phoenix, AZ 85016-4237
Tel: 602-255-6000
Email: wmf@tblaw.com
Email: mat@tblaw.com
*Attorneys for Plaintiffs*

___s/L. Gilroy___

5