**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christie's Cabaret of Glendale LLC, et al., <br> Plaintiffs, <br> v. <br> United National Insurance Company, et al., <br> Defendants. | No. CV-19-04444-PHX-MTL <br><br> **ORDER** |

      Pending is United National Insurance Company's ("United National") Motion for Reconsideration of this Court's Order denying summary judgment. (Doc 104.) Per the Court's request, Christie's Cabaret has filed a response in opposition. (Doc. 109.)

      The parties are familiar with the standard of review for motions for reconsideration set forth in LRCiv 7.2(g). Additionally, "[m]otions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (cleaned up). In keeping with that approach, this Order denies the Motion because it relitigates arguments from the summary judgment phase.

      A few words about United National's vacancy clause argument are worth sharing. United National disagrees with the Court's decision to follow the later-decided Arizona Court of Appeals opinion in *Glasser v. M&O Agencies, Inc.*, No. 1 CA-CV 14-0708, 2015 WL 9096764 (Ariz. Ct. App. Dec. 15, 2015), rather than its preferred case, *In re Tom*

*Dubielak v. Travelers Property Casualty Co. of America*, No. CV-10-270-TUC-RCC, 2011 WL 13118035 (D. Ariz. Aug. 5, 2011). As the parties are aware, this case involves Arizona state law claims. This matter is here, in federal court, by way of diversity jurisdiction. Under these circumstances, the decisions of Arizona state courts, on questions of state law, should be followed as often as possible. The Court explained extensively in its summary judgment order why the Arizona Court of Appeals' approach in *Glasser* should be applied here. (Doc. 98 at 7–12.) That reasoning will not be reexplained now.

Beyond that, United National quibbles with the language used in the summary judgment order. It says, "[t]he Court did not analyze whether the property was 'under renovation,' but simply whether Plaintiff's activities—without examining when they occurred—might constitute 'renovation.'" (Doc. 104 at 5.) United National is mistaken. The Court's analysis focused on the terms of the policy, the interpretation provided to a similar policy in *Glasser*, and the evidence adduced during discovery. The Court concluded that, based on the evidence, a reasonable jury could find that the premises were under renovation. (*See*, *e.g.*, Doc. 98 at 12 ("On such evidence, a reasonable jury could conclude that Christie's was 'under construction or renovation' during the relevant period." (emphasis added)).) Perhaps a jury will, perhaps it won't. Time will tell.

Finally, United National's motion cites and discusses several cases that were not in its summary judgment briefing. Those cases could have been presented to the Court during the main briefing phase, at oral argument or, at the latest, by way of a notice of supplemental authority. They will not be considered now.

Accordingly, **IT IS ORDERED** that United National's Motion for Reconsideration (Doc. 104) is **denied**.

Dated this 14th day of January, 2022.

Michael T. Liburdi
United States District Judge